IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James John Todd Kincannon, | ) | C/A No.: 3:17-866-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Nicole Howland, in her personal capacity; Anonymous Media Sources, as described herein; William R. Folks, III; Fitsnews, LLC; and FITSNews, Inc., | ) ) ) ) ) | REPORT AND RECOMMENDATION |
| Defendants. | ) ) | |

James John Todd Kincannon ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint against Nicole Howland ("Howland"), William R. Folks III ("Folks"), Fitsnews, LLC, and FITSNews, Inc. (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint without prejudice and without issuance and service of process.

I.     Factual and Procedural Background

Plaintiff alleges Folks wrote an article[1] that FITSNews published on March 31, 2015, on the website FITSNews.com that

falsely report[ed] that the Lexington County Sheriff's Department had

---

[1] Plaintiff alleges in ¶22 of his complaint that he attaches the article as Exhbit 1, but the complaint contains no exhibits.

> determined that Plaintiff had committed the crime of kidnapping and had decided to charge Plaintiff for kidnapping.

[ECF No. 1 at 6–7]. Plaintiff states he was not charged with kidnapping, and he claims that "[n]either the Lexington County Sheriff's Department nor any other law enforcement agency sought to procure [his] arrest or indictment for kidnapping." *Id.* at 6. Plaintiff claims "[t]he sole sources for the defamatory information [in the article] were anonymous persons associated with the Lexington County Sheriff's Department." *Id.* at 7. Plaintiff alleges he spoke with Folks on the phone and Folks revealed enough personal identifying information about his source "to permit Plaintiff to identify one source, apparently the principal source, as Defendant Howland." *Id.* Plaintiff states he asked Howland if she was the source and she "refused to admit or deny the matter." *Id.* Plaintiff seeks monetary damages. *Id.* at 11–16.

II.   Discussion

   A.   Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28

2

U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less-stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may

3

be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Fed. R. Civ. P. 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" When a complaint fails to include "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley*, 191 F.3d at 399 (citations omitted). However, if the court, viewing the allegations in the light most favorable to a plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

Plaintiff states the court has subject matter jurisdiction over his claims pursuant to 28 U.S.C. §§ 1331 and 1367. [ECF No. 1 at 5]. "[A] claim of federal question jurisdiction is to be resolved on the basis of the allegations of the complaint itself." *Burgess v. Charlottesville Sav. and Loan Ass'n*, 477 F.2d 40, 43 (4th Cir. 1973). Therefore, a complaint must "contain allegations 'affirmatively and distinctly' establishing federal grounds 'not in mere form, but in substance' and 'not in mere assertion, but in essence and effect.'" *Id.* (citing *Cuyahoga Co. v. Northern Ohio Co.*, 252

4

U.S. 388, 397 (1920)). "[T]he mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit." *Malone v. Gardner*, 62 F.2d 15, 18 (4th Cir. 1932).

In support of his jurisdictional claim, Plaintiff alleges he is bringing a 42 U.S.C. § 1983 claim and cites to the Fourteenth, Fifth, and Eighth Amendments of the United States Constitution. [ECF No. 1 at 5, 10–11]. While Plaintiff acknowledges that a defamation claim "would ordinarily arise under state law," he argues the federal courts have subject matter jurisdiction over his claim because

> the Source Defendants were employees or other agents of the Lexington County Sheriff's Department (an agency of the State of South Carolina) acting under color of state law whose conduct was intended to and did cause injury to the federal protected civil right of Plaintiff.

*Id.* at 4. Plaintiff identifies his federally-protected civil rights as the right to earn income from his law practice and the right to not be the subject of harmful publications by an agent of the state. *Id.* at 9–11.

Allegations of defamation alone do not suffice to form a § 1983 claim. *See Paul v. Davis*, 424 U.S. 693, 710 (1976). Defamation is only actionable under § 1983 if there is state action accompanied by a change or extinguishment of a right or status guaranteed by state law or protected by the Constitution. *Clark v. Township of Falls*, 890 F.2d 611, 619 (3d Cir. 1989) (citing *Paul*, 424 U.S. at 701–12). Courts have labeled the showing required to bring a § 1983 claim for defamation "stigma plus." *Defeo v. Sill*, 810 F. Supp. 648, 656 (E.D. Pa. 1993). "[A] plaintiff bringing a 'stigma-plus' claim under *Paul* must allege both a stigmatic statement and a 'state action that distinctly altered or

5

extinguished' his legal status." *Evans v. Chalmers*, 703 F.3d 636, 654 (4th Cir. 2012); *see also Shirvinski v. U.S. Coast Guard*, 673 F.3d 308, 314 (4th Cir. 2012) (noting that since *Paul*, the Supreme Court "has repeatedly admonished judges to be wary of turning the Due Process Clause into 'a font of tort law' by permitting plaintiffs to constitutionalize state tort claims through artful pleading.").

Plaintiff has failed to allege sufficient facts to establish that the court has subject matter jurisdiction over his § 1983 defamation claim. As an initial matter, Plaintiff has failed to show that the state actors named in his complaint deprived him of any constitutional rights. Instead, Plaintiff alleges that Folks, a private individual, wrote the alleged defamatory news article, and that two private entities, Fitsnews LLC, and FITSNews, Inc., published the article. The absence of state action in the publication of the subject article is fatal to Plaintiff's constitutional claim. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 940 (1982) (finding purely private conduct is not actionable under § 1983).

Plaintiff has also failed to allege a constitutionally-cognizable injury, as Plaintiff's allegations of damage to his reputation and of the loss of income from his law practice fail to state viable constitutional claims. See *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (finding an individual cannot claim a constitutionally-protected interest in his or her reputation); *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994) ("[A]ction which inflicts a stigma on the reputation of a plaintiff causing that plaintiff hardship in obtaining employment is harm to reputation that does not rise to the level of a constitutional deprivation."); *Sturm v. Clark*, 835 F.2d 1009, 1013 (3d Cir. 1987) (noting defamatory statement resulting in loss of clients and income insufficient); *DeFeo v. Sill*, 810 F. Supp.

6

at 657 (finding "the injury transcending reputation must be directly caused by the state and not merely by the conduct of third parties acting upon defamatory statements by public officials"); and *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 200–03 (1989) (explaining it is well settled that civil rights statutes, such as § 1983, do not impose liability for violations arising under a state's tort law).

Accordingly, Plaintiff's "stigma plus" defamation claim fails. If the district judge agrees that Plaintiff's federal claim should be dismissed, the undersigned recommends that the court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims for relief. *See* 28 U.S.C. § 1367(c)(3).

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss the complaint without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

April 14, 2017                                              Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).